UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FELTON L. MATTHEWS, JR., | Case No. 2:13-cv-00051-MMD-PAL |
| Plaintiff, | ORDER |
| v. | |
| ROMEO ARANAS, *et al.,* | |
| Defendants. | |

Plaintiff, an inmate housed at the Ely State Prison in Ely, Nevada, filed an application to proceed *in forma pauperis*, and submitted his civil rights complaint on January 9, 2013 (dkt. no. 1). He also filed a motion for leave to file excess pages (dkt. no. 2).

Matthews is subject to the provisions of 28 U.S.C. § 1915(g) due to having had at least three (3) civil actions dismissed before service for failure to state a claim. *See* 2:10-cv-00884-JCM-RJJ. As a result, this matter may only proceed if plaintiff prepays the full $350 filing fee or demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In considering this exception to § 1915(g), the Ninth Circuit agreed with other circuits that "[p]risoners qualify for the exception based on the alleged conditions at the time the complaint was filed." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *see Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir.2002); *Abdul-Akbar*, 239 F.3d at 312;FN6; *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999); *Baños v.*

1   *O'Guin*, 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (per curiam). Thus, "the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews,* at 1052.  Given this understanding, the Court's review focuses on the circumstances that existed at the time the complaint was filed.

**I.     SCREENING PURSUANT TO 28 U.S.C. § 1915(g)**

The events complained of are alleged to have occurred at the Southern Desert Correctional Center in Indian Springs, Nevada, starting in November 2011 and include events up to October of 2012.  The complaint was filed in January of 2013.  Since that time, plaintiff has been transferred to another prison.

Generally, plaintiff appears to allege that he is the victim of a conspiracy among all Nevada Department of Corrections staff to cover up or refocus blame in relation to physical altercations that plaintiff is involved in.  He contends that because of his criminal charges he is being singled out and mistreated.  He complains that staff is "openly refusing to process appeals of [his] grievances and N.O.C.'s [notice of charges]…."

<u>Count I</u>

In this count, plaintiff alleges a violation of his Eighth Amendment "right to protection" from deliberate indifference to serious medical needs.  Plaintiff contends that medical staff refused him medical care when he complained of fever, difficulty breathing and discharge while coughing during the month of December 2012.  Plaintiff further alleges the staff conspired against him in this regard in an attempt to retaliate against him for his civil litigation related to medical care at the prison.

The claim does not demonstrate an imminent danger of serious physical injury.

<u>Count II</u>

Plaintiff alleges he has been denied equal protection "of law and administrative regulations" in order to "protect [himself] from violence and libel."  He alleges that prison administrators have falsified his I-file and C-file by placing several gang members on his

"enemy list" and by noting that plaintiff is the aggressor in "all" of his physical altercations. Plaintiff contends that he is prone to assaults, not because he is a gang member, but because of the nature of his criminal charges – "child sex offender charges." Plaintiff complains that his enemy list has been increased by staff and that he has a liberty interest in clearing his enemy list in order to leave protective custody and "go G.P. on the sex offender friendly yards up North" in order to obtain education and a prison industries job. Plaintiff goes on to describe instances in which he has been subjected to disciplinary charges due to physical altercations involving him. He does not complain that he has been injured, but that he has been wrongfully sanctioned for these altercations.

Plaintiff alleges that sex offenders are treated differently than non-sex offenders and that NDOC is not interested in protecting sex offenders from attack, violating his rights to equal protection. He does not allege a current threat or identify any particular individuals who have threatened him with harm. In fact, plaintiff alleges that he is fully able to protect himself. His complaint stems more from the alleged harassment and "unequal" treatment given to sex offenders generally and to himself, as a sex offender.

This claim does not demonstrate an imminent danger of serious physical injury.

<u>Count III</u>

In this count, plaintiff alleges he has been denied the protection of staff against a threatened assault with feces, urine, and semen, because, when told of the threat, defendants did nothing to prevent the assault. He complains that after the assault, which is alleged to have occurred in September of 2012, staff filed a "suspect N.O.C. to cover it up" and then denied him access to a fair and impartial review of the N.O.C. Plaintiff alleges these acts were done in retaliation for his civil suit "behind [his] Art Work…."

This claim does not demonstrate that plaintiff is in imminent danger of serious physical injury.

///

Plaintiff has also filed motions for a preliminary injunction and temporary restraining order (dkt. nos. 7 and 8), as well as motions for summary judgment (dkt. nos. 9 and 11).  The Court has reviewed the motions for injunctive relief and notes that the motions do not raise issues of imminent serious physical injury, but rather complain that defendants allegedly falsify or pilfer his records in order to interfere with his litigation because of plaintiff's criminal charges.  The motions seek full access to his records and a gag order to stop officers from discussing his charges.  These motions do not warrant the Court's intervention.

Because none of the claims presented show that plaintiff is in imminent danger of serious physical injury, his application to proceed in *forma pauperis* will be denied. Plaintiff has been informed of his three strike status on numerous occasions.[1]  Where his financial records indicate that he is unable to pay the filing fee, the matter will be dismissed without prejudice.  If plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his new action.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed *in forma pauperis* (dkt. no. 1) is DENIED.

IT IS FURTHER ORDERED that the motion for leave to file excess pages (dkt no. 2) is GRANTED. The Clerk shall file the complaint (dkt. no. 1-1). The complaint and this action are DISMISSED WITHOUT PREJUDICE to plaintiff refilling the complaint in a new action after paying the full filing fee.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

The Clerk shall enter judgment accordingly.

DATED THIS 2nd day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] *See e.g.*, Matthews v. Director NDOC, 3:05-cv-0662; Matthews v. Nevens, 2:11-cv-1443.

4