UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FELTON L. MATTHEWS, | 2:13-cv-0051-APG-PAL |
| Plaintiffs, | |
| vs. | ORDER |
| ROMEO ARNAS, et al., | |
| Defendants. | |

Plaintiff, an inmate house at the Ely State Prison in Ely, Nevada, moves the Court to reconsider its dismissal of his complaint. As the Court previously noted, Matthew is subject to the provisions of 28 U.S.C. § 1915(g) due to having had at least three civil actions dismissed before service for failure to state a claim. *See* 2:10-cv-00884-JCM-RJJ.

The complaint was dismissed without prejudice because plaintiff could not demonstrate that he was "under imminent danger of serious physical injury," at the time he filed the complaint. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052, 1053 (9th Cir. 2007) ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *see Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir.2002); *Abdul-Akbar*, 239 F.3d at 312;FN6; *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (per curiam).

The events complained of are alleged to have occurred at the Southern Desert Correctional Center in Indian Springs, Nevada, starting in November, 2011 and include events up to October of 2012. The complaint was filed in January of 2013. Since that time, plaintiff has been transferred to another prison.

The complaint's contents are wide-ranging and lack a cohesive story line. The Court, however, understood that plaintiff is alleging that he is the victim of a conspiracy among all Nevada Department of Corrections staff to cover-up or refocus blame in relation to physical altercations that plaintiff is involved in. Plaintiff contends that because of his criminal charges he is being singled out and mistreated. He complains that staff is "openly refusing to process appeals of [his] grievances and N.O.C.'s [notice of charges]…."

**Standard for Review**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) *(quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

**Discussion**

The motion is timely made.

Plaintiff explains that his complaint should not have been dismissed because in the future, after he completes four years in "the hole" for disciplinary violations, and two years after that, when he complete a "S.T.O.P....program regarding his crime," he faces a possible return to the High Desert State Prison, where the conduct at issue in his complaint occurred. Thus,

2

1  in six years, plaintiff believes that he may again face similar conduct from the defendants and
2  he fears that potential future conduct.
3      Plaintiff agues that he has met the requisite showing that he is under imminent danger
4  of serious physical injury because he is presently experiencing fear based on the possibility
5  that he will suffer harm in the distant future, relying on the holding in *Shrader v. White,* 761
6  F.2d 975, 979 (4th Cir. 1985) (an inmate population's fear of a present risk of violence may
7  reach constitutional dimensions where the inmates live in reasonable fear of assault from other
8  inmates... and the fear results in significant mental pain).
9      Plaintiff has not shown that the dismissal of his complaint without prejudice was clearly
10 erroneous.  Neither has he demonstrated any change in the law or in the evidence.  The
11 motion for reconsideration will be denied.
12     **IT IS THEREFORE ORDERED** that the motion for reconsideration (Dkt. #17) is
13 **DENIED**.  The Clerk shall not accept any other documents for filing in this action save a proper
14 notice of appeal.
15     Dated: July 15, 2013.

                                                              UNITED STATES DISTRICT JUDGE

3